IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| ALVARO F. MONTERROSO, | |
| Petitioner, | **8:25CV633** |
| vs. | |
| ROB JEFFREYS, | **MEMORANDUM AND ORDER** |
| Respondent. | |

This matter is before the Court on Petitioner Alvaro F. Monterroso's Petition for Writ of Habeas Corpus, Filing No. 1, brought pursuant to 28 U.S.C. § 2254 and filed on October 27, 2025. Upon preliminary review, the Court will dismiss the petition without prejudice because Petitioner has not exhausted his state court remedies.

## I. BACKGROUND

Petitioner was charged and convicted by a jury in the District Court of Lancaster County, Nebraska. on charges of first degree sexual assault of a child (Count I), and incest (Count II). He was sentenced on September 11, 2023, to a sentence of 50 to 70 years of imprisonment on Count I, with a fifteen year mandatory minimum, and a consecutive 10 to 20 years of imprisonment on Count II.[1] Petitioner's convictions and sentences were affirmed on appeal on September 10, 2024. *State v. Monterroso*, 12 N.W.3d 282 (Neb. App. 2024), review denied (Jan. 2, 2025). The mandate was entered on January 22, 2025.

---

[1] This Court has access to the computerized record keeping system (JUSTICE) for the Nebraska state courts. *See* https://www.nebraska.gov/justice/case.cgi. The Court takes judicial notice of the state court records related to this case in *State v. Monterroso*, No. CR22-1232, District Court of Lancaster County, Nebraska. See *Stutzka v. McCarville*, 420 F.3d 757, 760 n.2 (8th Cir. 2005) (court may take judicial notice of judicial opinions and public records); Federal Rule of Evidence 201 (providing for judicial notice of adjudicative facts).

Although Petitioner acknowledges filing a post-conviction motion in the state court, he wrote "N/A" in response to questions about the date of the court's decision and the result of his postconviction motion. Filing No. 1 at 3-4, 8. Petitioner's state court records, available to this Court online, show that Petitioner's state postconviction motion was filed in the District Court of Lancaster County on October 3, 2025, the response is due on November 17, 2025, and the motion therefore remains pending. The state post-conviction motion alleges claims also raised in the federal habeas petition

## II. DISCUSSION

As set forth in 28 U.S.C. § 2254:

(b)(1) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that—

    (A)    the applicant has exhausted the remedies available in the courts of the State; or

    (B)    (i) there is an absence of available State corrective process; or

            (ii) circumstances exist that render such process ineffective to protect the rights of the applicant. . . .

(c) An applicant shall not be deemed to have exhausted the remedies available in the courts of the State, within the meaning of this section, if he has the right under the law of the State to raise, by any available procedure, the question presented.

The United States Supreme Court has explained the habeas exhaustion requirement as follows:

Because the exhaustion doctrine is designed to give the state courts a full and fair opportunity to resolve federal constitutional claims before those claims are presented to the federal courts . . . state prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process.

*O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999). A state prisoner must therefore "fairly present" the substance of each federal constitutional claim to the state courts before seeking federal habeas relief. *Id*. at 844. In Nebraska, "one complete round" ordinarily means that each § 2254 claim must have been presented in an appeal to the Nebraska Court of Appeals, and then in a petition for further review to the Nebraska Supreme Court if the Court of Appeals rules against the petitioner. *See Akins v. Kenney*, 410 F.3d 451, 454–55 (8th Cir. 2005).

To be clear, exhaustion of available state postconviction relief is a necessary prerequisite to seeking federal habeas relief under 28 U.S.C. § 2254. As explained in *Rose v. Lundy*, 455 U.S. 509, 520 (1982):

> [O]ur interpretation of §§ 2254(b), (c) provides a simple and clear instruction to potential litigants: before you bring any claims to federal court, be sure that you first have taken each one to state court. Just as pro se petitioners have managed to use the federal habeas machinery, so too should they be able to master this straightforward exhaustion requirement.

Here, the petition's allegations and Petitioner's state court records clearly establish that Petitioner did not exhaust his available state court remedies *before* filing his habeas case in this forum. As Petitioner's postconviction proceedings are currently pending, Petitioner's petition for relief under 28 U.S.C. § 2254 is premature and subject to sua sponte dismissal by this Court. *Rose*, 455 U.S. at 520; *Akins*, 410 F.3d at 455.

Petitioner does not allege that his habeas petition is a "mixed" petition. "The failure to do so categorically rules out relief under *Rhines* [*v. Weber*, 544 U.S. 269, 276 (2005)] since *Rhines* only involves cases with mixed petitions." *McLemore v. Frakes*, No. 8:18CV567, 2019 WL 2358433, at *3 n.2 (D. Neb. June 4, 2019) (citing *Charles v. Payne*, No. 4:17 CV 2494 CDP, 2018 WL 3208551, at

*2 (E.D. Mo. June 29, 2018)). "A 'mixed petition' is one where at least one claim is exhausted but another is unexhausted." *Id.*

Even if the Court could exercise discretion to stay these proceedings pursuant to *Rhines*, a stay would not be appropriate in this case as Petitioner's access to federal habeas review will not be prejudiced if this case is dismissed. Petitioner's convictions and sentences were affirmed by the Court of Appeals on September 10, 2024, and the Nebraska Supreme Court denied further review on January 2, 2025, with the mandate entered on January 22, 2025, and he filed his motion for postconviction relief on October 3, 2025. Pursuant to 28 U.S.C. § 2244(d)(2), the one-year statute of limitations period set forth in 28 U.S.C. § 2244(d)(1) is tolled "during [the time] which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." Thus, the one-year statute of limitations has not expired and is presently being tolled while Petitioner's state postconviction proceedings are pending. Dismissing this federal petition for habeas relief will not prejudice Petitioner's ability, upon exhaustion of his available state remedy, to file a timely petition for federal habeas review as appropriate.

Based on the foregoing, Petitioner's habeas petition must be dismissed without prejudice for failure to exhaust available state postconviction remedies.

Lastly, a petitioner cannot appeal an adverse ruling on his petition for writ of habeas corpus under § 2254 unless he is granted a certificate of appealability. 28 U.S.C. § 2253(c)(1); 28 U.S.C. § 2253(c)(2); Fed. R. App. P. 22(b)(1). The standards for certificates (1) where the district court reaches the merits or (2) where the district court rules on procedural grounds are set forth in *Slack v. McDaniel*, 529 U.S. 473, 484–85 (2000). The Court has applied the

appropriate standard and determined that Petitioner is not entitled to a certificate of appealability.

IT IS THEREFORE ORDERED that:

1. The petition for writ of habeas corpus, Filing No. 1, is dismissed without prejudice. No certificate of appealability has been or will be issued.

2. A judgment will be entered by separate document.

Dated this 2nd day of December, 2025.

BY THE COURT:

_____
John M. Gerrard
Senior United States District Judge